**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEPHEN JAMES WONG, | No. 11-35574 |
| Petitioner - Appellant, | D.C. No. 3:10-cv-00473-MA |
| v. | |
| MARK NOOTH, Superintendent, Snake River Correctional Institution, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Malcolm F. Marsh, Senior District Judge, Presiding

Argued and Submitted October 7, 2013

Portland, Oregon

Before: SILVERMAN, W. FLETCHER, and CALLAHAN, Circuit Judges.

An Oregon state jury convicted Stephen James Wong of six counts arising

out of his sexual abuse of his minor stepdaughter. Wong now appeals the district

court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

He claims his trial and appellate counsel provided ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

The state court's rejection of Wong's claims was not an "unreasonable application" of *Strickland*. *See* 28 U.S.C. § 2254(d). Trial counsel was not ineffective for not objecting to Clare Bruch's testimony or to the State's use of the term "sex offender" in its examination of Bruch. Trial counsel could reasonably have decided that Bruch was a proper lay witness, *see* Or. Rev. Stat. § 40.405, and the state court reasonably found that "sex offender" referred not to Wong's prior conviction but to the allegations at issue at trial.

Wong's appellate counsel could decline to raise issues he reasonably thought would not succeed on appeal. *Moormann v. Ryan*, 628 F.3d 1102, 1109–10 (9th Cir. 2010). Appellate counsel could reasonably have decided that the trial court was not required to declare a mistrial after Rose Wong's inadvertent reference to Wong's prior conviction, *see State v. Montez*, 789 P.2d 1352, 1372–73 (Or. 1990), and that the jury's alleged discussion of Wong's prior conviction did not justify interviewing jurors, *see State v. Cheney*, 16 P.3d 1164, 1170–72 (Or. Ct. App. 2000).

Wong's claim of cumulative error fails because he has not shown any individual instance of ineffective assistance. *See Mancuso v. Olivarez*, 292 F.3d 939, 957 (9th Cir. 2002).

Wong's unopposed motion to file supplemental excerpts of record is granted.

**AFFIRMED.**